## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

ANJANIE PERSAUD
910 Webster Street, N.W.,
Washington, D.C., 20011

      Plaintiff,

v.

CLARK FLECKINGER, II
9805 Ashburton Lane
Bethesda, MD 20817

      Defendant.

CASE NO: _____

## <u>NOTICE OF REMOVAL</u>

    COMES NOW, Defendant, Clark Fleckinger, II, Esquire (hereinafter referred to as "Mr. Fleckinger"), by and through his attorneys, Aaron L. Handleman, Justin M. Flint, and Eccleston and Wolf, P.C., hereby files his Notice of Removal of the Complaint filed against him by Plaintiff Anjanie Persaud ("Plaintiff") in the Superior Court for the District of Columbia, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, and in support thereof states as follows:

    1.    On or about July 11, 2008, Mr. Fleckinger received by service of certified mail a Summons, Complaint, and Initial Order. Copies of those documents are attached as Exhibit A.

    2.    Affidavit of service and summons was returned to the Court on July 11, 2008. Ex. B.

    3.    In the Complaint, Plaintiff has alleged a cause of a action for legal malpractice, breach of contract, and breach of fiduciary duty. *See* Exhibit A.

    4.    According to Paragraph 1 of the Complaint, Plaintiff is a permanent resident of Washington, D.C. Mr. Fleckinger is a resident of Maryland.

5.      In this instance, the Plaintiff has broadly alleged that Mr. Fleckinger "fail[ed] to properly manage Plaintiff's case," *inter alia*, in the matter styled as *Persaud v. The St. Paul Travelers Companies, Inc.*, Civil Action No. 2007 CA 000356 B, which was originally filed in the Superior Court for the District of Columbia and then was removed to the United Stated District Court for the District of Columbia, *Persaud v. The St. Paul Travelers Companies, Inc.*, Civil Action No. 1:07-cv-00346-RWR (referred to herein as the "underlying action").

6.      The amount in controversy in the underlying action was for in excess of "five hundred thousand dollars ($500,000)." Ex. C at page 5. Although Plaintiff has failed to set forth any *ad damnum* in her Complaint, Plaintiff claimed that she has "sustained financial loss and mental and emotional suffering . . . incurred loss of revenue, repair expense, and diminution of the value of her property. Plaintiff has also incurred loss of use of funds and additional attorneys' fees and expenses in her attempt to mitigate her damages." Ex. A, Complaint at ¶ 20. Hence, the amount in controversy exceeds $75,000.00.

7.      When the Plaintiff does not share citizenship with any of the served Defendants, "complete diversity" exists for the purposes of subject matter jurisdiction of the federal courts. *Saadeh v. Farouki*, 107 F.3d 52, 54-55 (D.C. Cir. 1997). Since Plaintiff and Mr. Fleckinger reside in different states, this Court has original jurisdiction under 28 U.S.C. § 1332(a)(1). 28 U.S.C. § 1332(a)(1) (2008).

8.      Thus, this action is removable pursuant to 28 U.S.C. § 1441(a) because this case falls within this Honorable Court's original diversity jurisdiction and the amount of controversy exceeds the sum of $75,000, exclusive of interest and costs. *Kopff v. World Research Group, LLC*, 298 F. Supp. 2d 53-54 (D.D.C. 2003).

9.    A copy of this Notice of Removal is being filed on today's date in the Superior

Court for the District of Columbia.

## CONCLUSION

WHEREFORE, for all of the foregoing reasons, Defendant Clark Fleckinger, II

respectfully requests that this action be removed to this Court.

**Respectfully submitted,**

Aaron L. Handleman (No. 48728)
Justin M. Flint (No. 491782)
ECCLESTON & WOLF, P.C.
2001 S Street, N.W., Suite #310
Washington, D.C., 20009-1125
(202) 857-1696
handleman@ewdc.com
flint@ewdc.com
*Attorneys for Defendant Clark Fleckinger, II*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 6th day of August, 2008, a copy of the aforegoing

Notice of Removal was mailed first class, postage prepaid, to:

Craig D. Miller, Esquire
SIMEONE & MILLER, LLP
1130 Connecticut Ave., NW
Ste. 350
Washington, DC 20036

Justin M. Flint



# SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

ANJANIE PERSAUD
Vs.                                           C.A. No.    2008 CA 004781 M
CLARK FLECKINGER II

## INITIAL ORDER AND ADDENDUM

Pursuant to D.C. Code § 11-906 and District of Columbia Superior Court Rule of Civil Procedure ("SCR Civ") 40-I, it is hereby **ORDERED** as follows:

(1) Effective this date, this case has assigned to the individual calendar designated below. All future filings in this case shall bear the calendar number and the judge's name beneath the case number in the caption. On filing any motion or paper related thereto, one copy (for the judge) must be delivered to the Clerk along with the original.

(2) Within 60 days of the filing of the complaint, plaintiff must file proof of serving on each defendant: copies of the Summons, the Complaint, and this Initial Order. As to any defendant for whom such proof of service has not been filed, the Complaint will be dismissed without prejudice for want of prosecution unless the time for serving the defendant has been extended as provided in SCR Civ 4(m).

(3) Within 20 days of service as described above, except as otherwise noted in SCR Civ 12, each defendant must respond to the Complaint by filing an Answer or other responsive pleading. As to the defendant who has failed to respond, a default and judgment will be entered unless the time to respond has been extended as provided in SCR Civ 55(a).

(4) At the time and place noted below, all counsel and unrepresented parties shall appear before the assigned judge at an Initial Scheduling and Settlement Conference to discuss the possibilities of settlement and to establish a schedule for the completion of all proceedings, including, normally, either mediation, case evaluation, or arbitration. Counsel shall discuss with their clients **prior** to the conference whether the clients are agreeable to binding or non-binding arbitration. **This order is the only notice that parties and counsel will receive concerning this Conference.**

(5) Upon advice that the date noted below is inconvenient for any party or counsel, the Quality Review Branch (202) 879-1750 may continue the Conference **once**, with the consent of all parties, to either of the two succeeding Fridays. Request must be made not less than six business days before the scheduling conference date. No other continuance of the conference will be granted except upon motion for good cause shown.

Chief Judge Rufus G. King, III

Case Assigned to: Judge THOMAS J MOTLEY
Date:   July 2, 2008
Initial Conference: 9:30 am, Friday, October 03, 2008
Location:  Courtroom 112
          500 Indiana Avenue N.W.
          WASHINGTON, DC 20001



**EXHIBIT**

4

Caio.doc

## ADDENDUM TO INITIAL ORDER AFFECTING
## ALL MEDICAL MALPRACTICE CASES

In accordance with the Medical Malpractice Proceedings Act of 2006, D.C. Code § 16-2801, et seq. (2007 Winter Supp.), "[a]fter an action is filed in the court against a healthcare provider alleging medical malpractice, the court shall require the parties to enter into mediation, without discovery or, if all parties agree[,] with only limited discovery that will not interfere with the completion of mediation within 30 days of the Initial Scheduling and Settlement Conference ("ISSC"), prior to any further litigation in an effort to reach a settlement agreement.  The early mediation schedule shall be included in the Scheduling Order following the ISSC.  Unless all parties agree, the stay of discovery shall not be more than 30 days after the ISSC." D.C. Code § 16-2821.

To ensure compliance with this legislation, on or before the date of the ISSC, the Court will notify all attorneys and *pro se* parties of the date and time of the early mediation session and the name of the assigned mediator.  Information about the early mediation date also is available over the internet at https://www.dccourts.gov/pa/.  To facilitate this process, all counsel and *pro se* parties in every medical malpractice case are required to confer, jointly complete and sign an EARLY MEDIATION FORM, which must be filed no later than ten (10) calendar days prior to the ISSC.  Two separate Early Mediation Forms are available.  Both forms may be obtained at www.dccourts.gov/medmalmediation.  One form is to be used for early mediation with a mediator from the multi-door medical malpractice mediator roster; the second form is to be used for early mediation with a private mediator.  Both forms also are available in the Multi-Door Dispute Resolution Office, Suite 105, 515 5th Street, N.W. (enter at Police Memorial Plaza entrance).  Plaintiff's counsel is responsible for eFiling the form and is required to e-mail a courtesy copy to earlymedmal@dcsc.gov.  *Pro se* Plaintiffs who elect not to eFile may file by hand in the Multi-Door Dispute Resolution Office.

A roster of medical malpractice mediators available through the Court's Multi-Door Dispute Resolution Division, with biographical information about each mediator, can be found at www.dccourts.gov/medmalmediation/mediatorprofiles.  All individuals on the roster are judges or lawyers with at least 10 years of significant experience in medical malpractice litigation.  D.C. Code § 16-2823(a).  If the parties cannot agree on a mediator, the Court will appoint one.  D.C. Code § 16-2823(b).

The following persons are required by statute to attend personally the Early Mediation Conference: (1) all parties; (2) for parties that are not individuals, a representative with settlement authority; (3) in cases involving an insurance company, a representative of the company with settlement authority; and (4) attorneys representing each party with primary responsibility for the case.  D.C. Code § 16-2824.

No later than ten (10) days after the early mediation session has terminated, Plaintiff must eFile with the Court a report prepared by the mediator, including a private mediator, regarding: (1) attendance; (2) whether a settlement was reached; or, (3) if a settlement was not reached, any agreements to narrow the scope of the dispute, limit discovery, facilitate future settlement, hold another mediation session, or otherwise reduce the cost and time of trial preparation.  D.C. Code § 16-2826.  Any Plaintiff who is *pro se* may elect to file the report by hand with the Civil Clerk's Office.  The forms to be used for early mediation reports are available at www.dccourts.gov/medmalmediation.

Chief Judge Rufus G. King, III

Caio.doc

CA Form 1

# Superior Court of the District of Columbia
## CIVIL DIVISION
### 500 Indiana Avenue, N.W., Room JM-170
### Washington, D.C. 20001 Telephone: 879-1133

| | |
|---|---|
| Anjanie Persaud | |
| _Plaintiff_ | |
| VS. | Civil Action No. 000 4781-08 |
| Clark Fleckinger, II | |
| _Defendant_ | |

## SUMMONS

To the above named Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon your exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government you have 60 days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Room JM 170 at 500 Indiana Avenue. N.W. between 9:00 a.m. and 4:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 Noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

_Clerk of the Court_

| | |
|---|---|
| Craig D. Miller, Esq. | |
| Name of Plaintiff's Attorney | By _Adrienne J. marsh_ |
| 1130 Connecticut Ave., NW Suite 350 | Deputy Clerk |
| Address | |
| Washington, D.C. 20036 | |
| (202) 628-3060 | Date _7/2/2008_ |
| Telephone | |

PUEDE OBTENERSE COPIAS DE ESTE FORMULARIO EN ESPANOL EN EL TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA, 500 INDIANA AVENUE, N.W., SALA JM 170

YOU MAY OBTAIN A COPY OF THIS FORM IN SPANISH AT THE SUPERIOR COURT OF D.C., 500 INDIANA AVENUE, N.W., ROOM JM 170

Form CV(b)-4118(rev. 76)

NOTE: SEE IMPORTANT INFORMATION ON BACK OF THIS FORM.

07/08/2008  14:58    3017385788              BELLI WEIL GROZBEAN              PAGE  06/15

IMPORTANT: IF YOU FAIL TO SERVE AND FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, DO NOT *FAIL TO ANSWER WITHIN THE REQUIRED TIME*

If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (628-1161) or the Neighborhood Legal Services (682-2700) for help or come to Room JM 170 at 500 Indiana Avenue, N.W., for more information concerning where you may ask for such help.

07/08/2008  14:58   3017385708          BELLI WEIL GROZBEAN          PAGE  07/15

*Service*



IN THE SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA
Civil Division

RECEIVED
CIVIL CLERK'S OFFICE
JUL 0 2 2008
SUPERIOR COURT
OF THE DISTRICT OF COLUMBIA
WASHINGTON, DC

| | | |
|---|---|---|
| ANJANIE PERSAUD<br>910 Webster Street N.W.<br>Washington, D.C. 20011 | ) )<br>)<br>) | |
| | ) | |
| Plaintiff, | )<br>) | |
| | ) | |
| v. | )<br>) | Ca. No.  0004781-08<br>Calendar No. |
| CLARK FLECKINGER, II<br>111 Rockville Pike, Suite 980<br>Rockville, MD 20850 | )<br>)<br>) | Judge |
| | )<br>) | |
| Defendant. | ) | |

## COMPLAINT

COMES NOW Plaintiff Anjanie Persaud, by and through the undersigned

counsel, and makes this Complaint against Defendant Clark Fleckinger, II. In support

hereof, Plaintiff alleges as follows:

### Parties

1.     Plaintiff Anjanie Persaud ("Plaintiff") is an individual who resides at the

above-captioned address.

2.     Defendant Clark Fleckinger, II ("Defendant") is, and was at all relevant

times, an attorney licensed to practice law in the District of Columbia, who maintains a

business address at the above-captioned address.

### Jurisdiction

3.     This Court has subject matter jurisdiction over this action pursuant to

§ 11-921 of the D.C. Code.

4.     This Court has personal jurisdiction over Defendant pursuant to § 13-423 of the D.C. Code in that Defendant caused a tortious injury in the District of Columbia by an act or omission in the District of Columbia.

5.     This Court has personal jurisdiction over Defendant pursuant to § 13-423 of the D.C. Code in that Defendant transacts business in the District of Columbia.

### Factual Background

6.     On or about July 5, 2003, Plaintiff's property, located at 760 Rock Creek Church Road, N.W., Washington, D.C. 20010 ("760 Rock Creek Property"), was subject to a fire.

7.     The Travelers Companies, Inc., formerly known as The St. Paul Travelers Companies, Inc., and its subsidiaries ("Travelers") underwrote and issued to Plaintiff for the 760 Rock Creek Property a contract of insurance covering, among other things, damages associated with the burning of fire of real property, its contents, and loss of use (the "Policy").

8.     The Policy was in full force and effect on the date of the fire incident.

9.     Plaintiff suffered economic loss as a result of the diminution of the value of the 760 Rock Creek Property and the cost of repair and maintenance due to the fire.

10.    On or about March 16, 2005, Plaintiff retained Defendant to represent her in her claim against Travelers to recover against the Policy for the loss she sustained from the fire incident.

11.    On or about January 18, 2007,  Defendant filed a Complaint on Plaintiff's behalf for her breach of contract claim against Travelers in the Superior Court for the District of Columbia.

2

12.     On or about February 16, 2007, Plaintiff's case was removed to the United States District Court for the District of Columbia by the counsel for Travelers.

13.     On or about February 22, 2007, counsel for Travelers filed a Motion to Dismiss or in the Alternative for Summary Judgment ("Motion to Dismiss"), stating that Plaintiff had failed to file suit in accordance with the express suit limitations provision in the Policy that reads as follows:

> **Suit Against Us.** No action can be brought against us unless there has been full compliance with all of the terms under Section I of this policy and the action is started within two years of the date of loss.

14.     Defendant had not filed suit on behalf of Plaintiff until January 18, 2007, approximately three and a half years after the fire incident loss took place.

15.     According to the LCvR 7 of the U.S. District Court Rules for D.C., Defendant had 11 days from the date of service to serve and file a memorandum of points and authorities in opposition to the Motion to Dismiss.  Effectively, Defendant had until March 8, 2007 to file an opposition on Plaintiff's behalf.  Defendant never filed this response to Travelers' Motion to Dismiss.

16.     On May 8, 2007, the Court *sua sponte* filed an Order to Show Cause giving Plaintiff until May 18, 2007 to show cause as to why the unopposed Motion to Dismiss should not be granted.

17.     On May 22, 2007, the Court filed an Order Dismissing Case.

18.     Prior to the dismissal, Defendant never informed Plaintiff that her breach of contract claim was not filed within the time provided by the Travelers Policy's suit limitations provision.  Furthermore, prior to the dismissal of the case, Defendant did not

3

inform Plaintiff that a Motion to Dismiss had been filed by Travelers nor did Defendant provide Plaintiff with any reasons for his failure to respond to that Motion to Dismiss.

19.     Defendant, in his individual capacity and through his agents and/or employees, and negligently injured Plaintiff in numerous ways, including, but not limited to:

    (a) failing to properly manage Plaintiff's case;

    (b) failing to properly examine Plaintiff's insurance policy prior to filing suit;

    (c) failing to meet the suit limitations clause deadline as set forth in the Travelers Policy;

    (d) failing to respond to Travelers' Motion to Dismiss or in the Alternative Summary Judgment;

    (e) failing to respond to the Court's Order to Show Cause;

    (f) otherwise acting negligently and in breach of his fiduciary duty.

20.     As a direct and proximate result of Defendant's professional malpractice, breach of contract, and breach of fiduciary duty as set forth above, Plaintiff sustained financial loss and mental and emotional pain and suffering.  Plaintiff has further lost her ability to sue for the damages sustained to her property due to the July 5, 2003 fire, as a result of which Plaintiff incurred loss of revenue, repair expenses, and the diminution of the value of her property.  Plaintiff has also incurred loss of use of funds and additional attorneys' fees and expenses in her attempt to mitigate her damages.

## Count I: Professional Negligence

21.     Plaintiff restates and realleges each and every allegation set forth above as if fully set forth herein.

4

22.    At all relevant times hereto, Defendant held himself out to Plaintiff and the public as an attorney knowledgeable in civil litigation and breach of contract litigation.

23.    Plaintiff hired Defendant to represent her interests in recovering against the Travelers Policy for the economic loss she suffered as a result of the damage to her insured property from the fire on July 5, 2003, to advise her of the applicable law and procedural rules, and to timely settle or file suit on her behalf.

24.    Therefore, Defendant owed Plaintiff a duty to exercise the degree of skill, care, learning, diligence, and professional competence ordinarily used by members of his profession practicing civil litigation and acting under similar circumstances.

25.    Further, Defendant owed Plaintiff a duty to exercise the degree of skill, care, learning, diligence, and professional competence ordinarily used by members of his profession licensed to practice in the District of Columbia.

26.    In breach of this duty, Defendant failed to exercise that degree of care and skill that a reasonably competent lawyer engaged in a similar practice under similar circumstances would have exercised.  Specifically, Defendant failed to meet the suit limitations provision of the Travelers' Policy that required a suit to be brought within two years of the loss, failed to properly investigate the case and the Traveler's Policy, failed to respond to Travelers' Motion to Dismiss in accordance to LCvR 7 of the U.S. District Court Rules for D.C., failed to respond to the Court's Order to Show Cause, and otherwise failed to prevent Plaintiff's case from being dismissed.

27.    As a direct and proximate result of Defendant's negligence, Plaintiff suffered damages as set forth above.

5

## Count II: Breach of Contract

28.    Plaintiff restates and realleges each and every allegation set forth above as if fully set forth herein.

29.    On or about March 16, 2005, Plaintiff retained Defendant so that Defendant would represent her in her claim against Travelers to recover against the Policy for the loss she sustained from the fire incident on July 5, 2003 in return for a contingency fee. Implicit in that Retainer Agreement/contract is that Defendant would settle Plaintiff's claim or file suit prior to the expiration of the two year statute of limitations set out in the Policy's express suit limitations clause, would properly investigate the case and the Traveler's Policy, would respond diligently to a Motion to Dismiss Plaintiff's suit, respond diligently to the Court's orders, and to otherwise prevent Plaintiff's case from being dismissed.

30.    Defendant did not file suit on behalf of Plaintiff within the two year statute of limitations set out in the Policy's express suit limitations clause, did not properly investigate the case or the Traveler's Policy, did not respond to Travelers' Motion to Dismiss or the Court's Order to Show Cause, and let Plaintiff's suit be dismissed with prejudice. Moreover, Defendant never withdrew or advised Plaintiff to find new counsel. Instead, Defendant allowed Plaintiff's case to be dismissed with prejudice without Plaintiff's knowledge.

31.    Defendant's failure to file suit on behalf of Plaintiff within the two year statute of limitations set out in the Policy's express suit limitations clause, failure to properly investigate the case or the Traveler's Policy, failure to respond to Traveler's Motion to Dismiss or the Court's Order to Show Cause, and failure to prevent Plaintiff's

6

07/08/2008  14:58    3017385788          BELLI WEIL GROZBEAN          PAGE  13/15

suit from being dismissed constitutes a material breach of the Retainer Agreement, a contract, by Defendant.

32.    As a direct and proximate result of Defendant's breach of contract, Plaintiff suffered damages as set forth above.

## Count III: Breach of Fiduciary Duty

33.    Plaintiff restates and realleges each and every allegation set forth above as if fully set forth herein.

34.    On or about March 16, 2005, Plaintiff retained Defendant so that Defendant would represent her in her claim against Travelers to recover against the Policy for the loss she sustained from the fire incident on July 5, 2003 in return for a contingency fee.

35.    As a result of the attorney client relations created by the conduct of the parties and the Retainer Agreement, Defendant owed Plaintiff a fiduciary duty.

36.    Defendant failed to exercise that degree of care and skill that a reasonably competent lawyer engaged in a similar practice under similar circumstances would have exercised by failing to meet the suit limitations provision of the Travelers' Policy that required a suit to be brought within two years of the loss, failing to properly investigate the case or the Traveler's Policy, failing to respond to Travelers' Motion to Dismiss in accordance to LCvR 7 of the U.S. District Court Rules for D.C., failing to respond to the Court's Order to Show Cause, and otherwise failing to prevent Plaintiff's case from being dismissed.

37.    Defendant further breached the fiduciary duty owed to Plaintiff by failing to exercise proper care, skill and diligence when he failed to advise Plaintiff that there was a suit limitations clause in the Travelers Policy that required her to file suit within

7

07/08/2008  14:58   3017385708               BELLI WEIL GROZBEAN               PAGE  15/15

## JURY DEMAND

Plaintiff, by and through the undersigned counsel and pursuant to Rule 38 of the District of Columbia Rules of Civil Procedure, hereby demands trial by jury of all issues in this matter.

Dated: July 2, 2008                              RESPECTFULLY SUBMITTED,

Craig D. Miller, #459784
SIMEONE & MILLER, LLP
1130 Connecticut Ave, NW
Suite 350
Washington, D.C. 20036
(202) 628-3050
(202) 466-1833 (fax)
cmiller@simeonemiller.com
*Attorney for Plaintiff*

9

## 2008 CA 004781 M PERSAUD, ANJANIE Vs. FLECKINGER, II, CLARK

| | | | |
|---|---|---|---|
| **File Date** 07/02/2008 | **Case Status** | Open | **Case Status Date** 07/02/2008 |
| | **Case Disposition** | Undisposed | **Case Disposition Date** |

### Party Information

| Party Name | Party Alias(es) | Party Type | Attorney(s) | Attorney Phone |
|---|---|---|---|---|
| PERSAUD, ANJANIE | | PLAINTIFF | MILLER, Mr CRAIG | (202)628-3050 |
| FLECKINGER, II, CLARK | | Defendant | HANDLEMAN, Mr AARON L | (202)957-0762 |
| | | | FLINT, JUSTIN M | (202)857-0762 |

### Case Schedule

| Date | Start Time | Event Type | Result |
|---|---|---|---|
| 10/03/2008 | 09:30 AM | Initial Scheduling Conference-60 | |

### Financial Entries

| Receipt # | Date | Received From | Amount Paid |
|---|---|---|---|
| 108365 | 07/02/2008 | MILLER, Mr CRAIG | 120.00 |

| Payment | | Fee | |
|---|---|---|---|
| Check | 120.00 | Cost | 120.00 |

### Docket Entries

| Date | Text |
|---|---|
| 07/18/2008 | Praecipe to Extend Time To File Answer Filed. submitted 07/18/2008 16:37. ksc Attorney: FLINT, JUSTIN M (491782) CLARK FLECKINGER II (Defendant); |
| 07/16/2008 | Praecipe of Entry of Appearance. Filed. Submitted. 07/16/2008 18:13. ars. Attorney: FLINT, JUSTIN M (491782) CLARK FLECKINGER II (Defendant); |
| 07/11/2008 | Proof of Service Method : Service Issued Issued : 07/07/2008 Service : Summons Issued Served : 07/07/2008 Return : 07/11/2008 On : FLECKINGER II, CLARK Signed By : via Certified Mail Reason : Proof of Service Comment : Tracking #: 5000049947 |
| 07/11/2008 | Affidavit of Service of Summons & Complaint on CLARK FLECKINGER II (Defendant). |
| 07/07/2008 | Issue Date: 07/07/2008 Service: Summons Issued Method: Service Issued Cost Per: $ FLECKINGER II, CLARK 111 Rockville Pike, Suite 980 ROCKVILLE, MD 20850 Tracking No: 5000049947 |
| 07/02/2008 | Event Scheduled Event: Initial Scheduling Conference-60 Date: 10/03/2008 Time: 9:30 am Judge: MOTLEY, THOMAS J Location: Courtroom 112 |
| 07/02/2008 | Complaint for Malpractice Legal Filed Attorney: MILLER, Mr CRAIG (459784) ANJANIE PERSAUD (PLAINTIFF); Receipt: 108365 Date: 07/02/2008 |

EXHIBIT
B

**IN THE SUPERIOR COURT OF THE DISTRICT OF COLUMBIA**
**Civil Division**

**ANJANIE PERSAUD**                                    :
910 Webster Street, N.W.                               :
Washington, D.C. 20011                                 :
                                                       :
                                                       :
                                                       :          0000356-07
        Plaintiff                                      :
                                                       :
                                                       :    Civil Action No.: _____
    v.                                                 :
                                                       :
**THE ST. PAUL TRAVELERS**                             :
**COMPANIES, INC.**                                    :
385 Washington Street                                  :
St. Paul. MN, 55102                                    :



Serve:  Bruce Backberg                                 :
        (Senior Vice President and                     :
        Corporate Secretary)                           :
        385 Washington Street                          :
        St. Paul. MN, 55102                            :
                            *and*                       :
                                                       :
**TRAVELERS PROPERTY &**                               :
**CASUALTY INSURANCE COMPANY**                         :
151 Farmington Avenue                                  :
Hartford, CT, 06156                                    :
                                                       :
Serve:  Corporation Service Company                    :
        (Resident Agent)                               :
        1090 Vermont Avenue, NW                        :
        Suite # 430                                    :
        Washington, DC 20005                           :
                                                       :
                            *and*                       :
                                                       :
                                                       :
                                                       :
                                                       :
                                                       :

CLARK U. FLECKINGER II
ATTORNEY AT LAW
Of Counsel To Belli, Weil & Grozbean, P.C.
ROCKVILLE METRO PLAZA I
141 ROCKVILLE PIKE, SUITE 980
ROCKVILLE, MARYLAND 20850
301-294-7301
FAX 301-738-5708

1

EXHIBIT

THE STANDARD FIRE INSURANCE          :
COMPANY                              :
151 Farmington Avenue               :
Hartford, CT, 06156                 :
                                    :
Serve:  Corporation Service Company  :
        (Resident Agent)            :
        1090 Vermont Avenue, NW     :
        Suite # 430                 :
        Washington, DC 20005        :
                                    :
                        *and*       :
                                    :
THE AUTOMOBILE INSURANCE            :
COMPANY OF HARTFORD,                :
CONNECTICUT                         :
1 Tower Square                      :
Hartford, CT 06183                  :
                                    :
Serve:  CT Corporation System        :
        (Resident Agent)            :
        1015 15th Street, NW        :
        Suite # 1000                :
        Washington, DC 20005        :
                                    :
                                    :
        Defendants                   :
                                    :
                                    :

---

## COMPLAINT AND DEMAND FOR JURY TRIAL
### (Breach Of Contract)

COMES NOW the Plaintiff, **ANJANIE PERSAUD,** by and through her attorney,

Clark U. Fleckinger II, and in support of her claim, represents as follows:

## JURISDICTION

1.      That, the Court has jurisdiction over this matter pursuant to DC Code, §11-
921.

CLARK U. FLECKINGER II
ATTORNEY AT LAW
Of Counsel To Belli, Weil & Grozbean, P.C.
ROCKVILLE METRO PLAZA I
11 ROCKVILLE PIKE, SUITE 940
ROCKVILLE, MARYLAND 20850

301-294-7301
FAX 301-738-5708

2

2.    That, Plaintiff is a resident of the District of Columbia

3.    That, to the best of Plaintiff's knowledge and belief, Defendant(s) is/are (a) corporation(s) operating and doing business in the District of Columbia.

## FACTS

4.    That, the allegations contained in the preceding and subsequent  paragraphs of this Complaint are incorporated by reference.

5.    That, the Defendant(s) is/are in the business of selling insurance in, *inter alia,* the District of Columbia, including the selling of real property fire insurance in order to protect the financial interests of real property owners in the District of Columbia from the financial damages associated with the burning by fire of real property, its contents, and loss of use.

6.    That, at all times relevant, Plaintiff owned, and owns, real property at 760 Rock Creek Church Rd., NW, Washington, D.C.

7.    That, on or about June 20, 2003, Plaintiff contracted with, and did purchase from, Defendant(s) an insurance policy to protect Plaintiff from the financial damages associated with the destruction and/or loss of use by fire and burning of the aforesaid real property.

8.    That, pursuant thereto, and in consideration thereof, Plaintiff paid premiums to Defendant(s) for the benefits associated with the aforesaid insurance coverage.

9.    That, on or about July 5, 2003, Plaintiff's real property located at 760 Rock Creek Church Rd., NW, Washington, D.C. was the subject of a fire.

**CLARK U. FLECKINGER II**
ATTORNEY AT LAW
Of Counsel To Belli, Weil & Grozbean, P.C.
ROCKVILLE METRO PLAZA I
111 ROCKVILLE PIKE, SUITE 980
ROCKVILLE, MARYLAND 20850
301-294-7301
FAX 301-738-5708

3

10.    That, as the result of the aforesaid fire of July 5, 2003, Plaintiff's real property was severely damaged as were the contents contained therein.

11.    That, as a result of the property damage as aforesaid, the Plaintiff was financially damaged as a result of the diminution of the value of the aforesaid property and the cost of repair.

12.    That, in addition, as a result of the aforesaid fire of July 5, 2003, Plaintiff lost the use of the aforesaid real property.

13.    That, as result of the loss of use as aforesaid, Plaintiff was financially damaged.

14.    That, pursuant to the damage sustained as a result of the aforesaid fire of July 5, 2003, Plaintiff notified Defendant(s) of such damage and that, pursuant to the contract of insurance between Plaintiff and Defendant(s), Defendant(s) was/were obligated to provide insurance coverage for the financial loss suffered by Plaintiff as a result of the fire.

15.    That, despite Plaintiff's demand therefore, Defendant(s) refused to comply with their obligation to insure Plaintiff, and to, thereby, compensate her for the financial loss associated with the damage to the real property at 760 Rock Creek Church Rd., NW, Washington, D.C., and the contents therein, as well as the loss of use of said property, which damages were caused by the aforesaid fire of July 5, 2003.

CLARK U. FLECKINGER II
ATTORNEY AT LAW
Of Counsel To Belli, Weil & Guzman, P.C.
ROCKVILLE METRO PLAZA I
121 ROCKVILLE PIKE, SUITE 940
ROCKVILLE, MARYLAND 20850

301-294-7301
FAX 301-738-5708

## COUNT I
### (Breach of Contract – All Defendants)

16.    That, the allegations contained in the preceding and subsequent Paragraphs are incorporated by reference.

17.    That, Defendant(s), jointly and severally, is/are in breach of its/their contractual obligation to provide insurance coverage to Plaintiff, and to compensate Plaintiff for, financial loss sustained as the result of a fire which burned the real property, and the contents therein, of Plaintiff.

18.    That, Plaintiff has suffered damages in the amount of $500,000.00 as the result of Defendant(s) breach of contract.

**WHEREFORE,** the premises above considered, Plaintiff demands:

A.    Judgment against Defendant(s), jointly and severally, in the amount of five hundred thousand dollars ($500,000.00) in compensatory damages;

B.    Such other damages as may be proven at trial;

C.    Plaintiff's attorney's fees and the costs of this action;

D.    Such other and further relief as this Honorable Court deems fair and just.

CLARK U. FLECKINGER II
ATTORNEY AT LAW
Of Counsel To Belli, Weil & Grozbean, P.C.
ROCKVILLE METRO PLAZA I
111 ROCKVILLE PIKE, SUITE 980
ROCKVILLE, MARYLAND 20850

301-294-7301
FAX 301-738-5708

Respectfully Submitted,

Clark U. Fleckinger II
Attorney for Plaintiff
Rockville Metro Plaza I
111 Rockville Pike, Suite 980
Rockville, MD 20850
(301) 294-7301
DC Bar No. 362393

## JURY DEMAND

Plaintiff hereby demands a jury trial of 6 persons as to all issues involved.

Clark U. Fleckinger II

CLARK U. FLECKINGER II
ATTORNEY AT LAW
Of Counsel To Belli, Weil & Grozbean, P.C.
ROCKVILLE METRO PLAZA I
111 ROCKVILLE PIKE, SUITE 980
ROCKVILLE, MARYLAND 20850

301-294-7301
FAX 301-738-5708

6

## CIVIL COVER SHEET

JS-44
(Rev.1/05 DC)

| I (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| ANJANIE PERSAUD<br>910 Webster Street, N.W.,<br>Washington, D.C., 20011 | CLARK FLECKINGER, II<br>9805 Ashburton Lane<br>Bethesda, MD 20817-1723 |

| (b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF __Washington, D.C.__<br>(EXCEPT IN U.S. PLAINTIFF CASES) | COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT __Montgomery, MD__<br>(IN U.S. PLAINTIFF CASES ONLY)<br>NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED |

| (c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER) | ATTORNEYS (IF KNOWN) |
|---|---|
| Craig D. Miller, Esquire<br>SIMEONE & MILLER, LLP<br>1130 Connecticut Ave., NW<br>Ste. 350<br>Washington, DC 20036 | Aaron L. Handleman (No. 48728)<br>Justin M. Flint (No. 491782)<br>ECCLESTON & WOLF, P.C.<br>2001 S Street, N.W., Suite #310<br>Washington, D.C., 20009-1125 |

## II. BASIS OF JURISDICTION
(PLACE an x IN ONE BOX ONLY)

- ○ 1 U.S. Government Plaintiff
- ○ 3 Federal Question (U.S. Government Not a Party)
- ○ 2 U.S. Government Defendant
- ● 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE an x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ● 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

**○ A. Antitrust**
- ☐ 410 Antitrust

**● B. Personal Injury/ Malpractice**
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☒ 360 Other Personal Injury
- ☐ 362 Medical Malpractice
- ☐ 365 Product Liability
- ☐ 368 Asbestos Product Liability

**○ C. Administrative Agency Review**
- ☐ 151 Medicare Act

Social Security:
- ☐ 861 HIA ((1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g)
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g)

Other Statutes
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

**○ D. Temporary Restraining Order/Preliminary Injunction**

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

**○ E. General Civil (Other)    OR    ○ F. Pro Se General Civil**

Real Property
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent, Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

Personal Property
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

Bankruptcy
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

Prisoner Petitions
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

Property Rights
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

Federal Tax Suits
- ☐ 870 Taxes (US plaintiff or defendant
- ☐ 871 IRS-Third Party 26 USC 7609

Forfeiture/Penalty
- ☐ 610 Agriculture
- ☐ 620 Other Food &Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 RR & Truck
- ☐ 650 Airline Regs
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

Other Statutes
- ☐ 400 State Reapportionment
- ☐ 430 Banks & Banking
- ☐ 450 Commerce/ICC Rates/etc.
- ☐ 460 Deportation

- ☐ 470 Racketeer Influenced & Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Satellite TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 900 Appeal of fee determination under equal access to Justice
- ☐ 950 Constitutionality of State Statutes
- ☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| ○ **G. Habeas Corpus/ 2255** | ○ **H. Employment Discrimination** | ○ **I. FOIA/PRIVACY ACT** | ○ **J. Student Loan** |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| ○ **K. Labor/ERISA (non-employment)** | ○ **L. Other Civil Rights (non-employment)** | ○ **M. Contract** | ○ **N. Three-Judge Court** |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**

○ 1 Original Proceeding  ◉ 2 Removed from State Court  ○ 3 Remanded from Appellate Court  ○ 4 Reinstated or Reopened  ○ 5 Transferred from another district (specify)  ○ 6 Multi district Litigation  ○ 7 Appeal to District Judge from Mag. Judge

---

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

28 U.S.C. 1332

---

| **VII. REQUESTED IN COMPLAINT** | ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 | **DEMAND $** 500,000<br>**JURY DEMAND:** | Check YES only if demanded in complaint<br>YES ☒  NO ☐ |
|---|---|---|---|

**VIII. RELATED CASE(S) IF ANY**  (See instruction)  YES ☐  NO ☒  If yes, please complete related case form.

DATE  August 6, 2008    SIGNATURE OF ATTORNEY OF RECORD  _(signature)_

---

## INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44
### Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.  COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT  (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.  CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.  CASE ASSIGNMENT AND NATURE OF SUIT:  The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.  CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.  RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

*ANJANIE PERSAUD*
Plaintiff

v.                                    Civil Action No.    **08 1367**

*CLARK FLECKINGER II*                                    **AUG - 6 2008**
Defendant

The above entitled action, removed from the Superior Court for the District of Columbia, has been filed and assigned to Judge **FRIEDMAN, J. PLF** All counsel and/or pro se litigants must include on any subsequent pleadings both the civil action number and the initials of the judge assigned to this action. (See preceding sentence for judge's initials).

Pursuant to Local Rule 83.2(a)(b), an attorney must be a member in good standing of the bar of this Court to appear, file papers or practice. To assist the Clerk's Office in properly recording all counsel of record, counsel for all parties must enter their appearance in accordance with our Local Rule 83.6(a). Timely compliance with this requirement will enable the Clerk's Office to ensure prompt delivery of notices and orders.

Finally, your attention is called to Local Rule 16.3, Duty to Confer. This rule clearly spells out the duty of counsel, as well as pro se litigants, to confer and report back to the Court on a wide range of questions.

NANCY MAYER-WHITTINGTON, CLERK

By _Maureen Higgins_
Deputy Clerk

cc: *CRAIG HILLER*

929A
Rev. 7/02