UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ANJANIE PERSAUD<br><br>     Plaintiff,<br><br>v.<br><br>CLARK FLECKINGER, II<br><br>     Defendant. | CASE NO:  1:08-cv-01367-PLF |

**DEFENDANT CLARK FLECKINGER, II, ESQUIRE'S
ANSWER TO PLAINTIFF'S COMPLAINT**

The Defendant, Clark Fleckinger, II, Esquire ("Mr. Fleckinger"), by and through his attorneys, Aaron L. Handleman, Justin M. Flint, and Eccleston & Wolf, P.C., pursuant to Rule 81(c) of the Federal Rules of Civil Procedure, hereby answers the allegations in the Plaintiff's Complaint as follows:

**PARTIES**

1.  Mr. Fleckinger is without sufficient knowledge or information to admit or deny the allegations in Paragraph 1, and therefore, denies the same and demands strict proof thereof.

2.  Admitted.

**JURISDICTION**

3.  The allegations of Paragraph 3 require a legal conclusion, no response is required, and are therefore, deemed denied.

4.  The allegations of Paragraph 4 require a legal conclusion, no response is required, and are therefore, deemed denied.

5. The allegations of Paragraph 5 require a legal conclusion, no response is required, and are therefore, deemed denied.

## FACTUAL BACKGROUND

6. Mr. Fleckinger is without sufficient knowledge or information to admit or deny the allegations in Paragraph 6, and therefore, denies the same and demands strict proof thereof.

7. Mr. Fleckinger is without sufficient knowledge or information to admit or deny the allegations in Paragraph 7, and therefore, denies the same and demands strict proof thereof.

8. Mr. Fleckinger is without sufficient knowledge or information to admit or denies the allegations in Paragraph 8, and therefore, denies the same and demands strict proof thereof.

9. Mr. Fleckinger is without sufficient knowledge or information to admit or deny the allegations in Paragraph 9, and therefore, denies the same and demands strict proof thereof.

10. Mr. Fleckinger is without sufficient knowledge or information to admit or deny the allegations in Paragraph 10, and therefore, denies the same and demands strict proof thereof.

11. Admitted.

12. Mr. Fleckinger denies the allegations contained in Paragraph 12 of the Complaint as phrased, and therefore, demands strict proof thereof. Mr. Fleckinger admits the Superior Court case was removed to the United States District Court for the District of Columbia.

13. Mr. Fleckinger admits that the collective Defendants filed a Motion to Dismiss. Mr. Fleckinger denies the characterization of the Motion to Dismiss asserted by Plaintiff in Paragraph 13 as the document speaks for itself, and thus, demands strict proof.

14. Mr. Fleckinger admits to filing a Complaint for Plaintiff on January 18, 2007; however, Mr. Fleckinger denies the remaining allegations contained in Paragraph 14 of the Complaint, and therefore, demands strict proof thereof.

15. The allegations of Paragraph 15 require a legal conclusion, no response is required, and are therefore, deemed denied.

16. Mr. Fleckinger admits that the Court issued an Order to Show Cause. Mr. Fleckinger denies the characterization of the Order asserted by Plaintiff in Paragraph 16 as the document speaks for itself, and thus, demands strict proof.

17. Mr. Fleckinger denies the allegations contained in Paragraph 17 of the Complaint as phrased, and therefore, demands strict proof thereof. Mr. Fleckinger admits the United States District Court for the District of Columbia dismissed the Plaintiff's case.

18. Mr. Fleckinger denies the allegations contained in Paragraph 18 of the Complaint as phrased, and therefore, demands strict proof thereof.

19. Mr. Fleckinger denies the allegations contained in Paragraph 19, including but not limited to subparts a-f, of the Complaint as phrased, and therefore, demands strict proof thereof; and to the extent the allegations of Paragraph 19 require a legal conclusion, no response is required, and are therefore, deemed denied.

20.     The allegations of Paragraph 20 require a legal conclusion, no response is required, and are therefore, deemed denied; however, Mr. Fleckinger is without sufficient knowledge or information to admit or denies the remaining allegations in Paragraph 20, and therefore, denies the same and demands strict proof thereof.

## COUNT I: PROFESSIONAL NEGLIGENCE

21.     Mr. Fleckinger repeats and realleges each and every Answer set forth in Paragraphs number 1 through 20 as if each were fully set forth herein.

22.     Mr. Fleckinger denies the allegations contained in Paragraph 22 of the Complaint, and therefore, demands strict proof thereof.

23.     Mr. Fleckinger is without sufficient knowledge or information to admit or deny the allegations in Paragraph 23, and therefore, denies the same and demands strict proof thereof.

24.     The allegations of Paragraph 24 require a legal conclusion, no response is required, and are therefore, deemed denied.

25.     The allegations of Paragraph 25 require a legal conclusion, no response is required, and are therefore, deemed denied.

26.     The allegations of Paragraph 26 require a legal conclusion, no response is required, and are therefore, deemed denied.

27.     Mr. Fleckinger is without sufficient knowledge or information to admit or deny the allegations in Paragraph 27, and therefore, denies the same and demands strict proof thereof; further, the allegations of Paragraph 27, require a legal conclusion, no response is required, and are therefore, deemed denied.

## **COUNT II: BREACH OF CONTRACT**

28. Mr. Fleckinger repeats and realleges each and every Answer set forth in Paragraphs number 1 through 27 as if each were fully set forth herein.

29. Mr. Fleckinger is without sufficient knowledge or information to admit or deny the allegations in Paragraph 29, and therefore, denies the same and demands strict proof thereof; further, the allegations of Paragraph 29, require a legal conclusion, no response is required, and are therefore, deemed denied.

30. The allegations of Paragraph 30 require a legal conclusion, no response is required, and are therefore, deemed denied. Further, Mr. Fleckinger denies the factual allegations contained in Paragraph 30 of the Complaint as characterized by Plaintiff, and therefore, demands strict proof thereof. Finally, Mr. Fleckinger is without sufficient knowledge or information to admit or deny the allegations in Paragraph 30 concerning the Plaintiff's knowledge, and therefore, denies the same and demands strict proof thereof.

31. The allegations of Paragraph 31 require a legal conclusion, no response is required, and are therefore, deemed denied. Further, Mr. Fleckinger denies the factual allegations contained in Paragraph 31 of the Complaint as characterized by Plaintiff, and therefore, demands strict proof thereof.

32. Mr. Fleckinger is without sufficient knowledge or information to admit or deny the allegations in Paragraph 32, and therefore, denies the same and demands strict proof thereof; further, the allegations of Paragraph 32, require a legal conclusion, no response is required, and are therefore, deemed denied.

## **COUNT III: BREACH OF FIDUCIARY DUTY**

33. Mr. Fleckinger repeats and realleges each and every Answer set forth in Paragraphs number 1 through 32 as if each were fully set forth herein.

34. Mr. Fleckinger is without sufficient knowledge or information to admit or deny the allegations in Paragraph 34, and therefore, denies the same and demands strict proof thereof.

35. The allegations of Paragraph 35 require a legal conclusion, no response is required, and are therefore, deemed denied.

36. The allegations of Paragraph 36 require a legal conclusion, no response is required, and are therefore, deemed denied.

37. The allegations of Paragraph 37 require a legal conclusion, no response is required, and are therefore, deemed denied.

38. Mr. Fleckinger is without sufficient knowledge or information to admit or deny the allegations in Paragraph 38, and therefore, denies the same and demands strict proof thereof; further, the allegations of Paragraph 38, require a legal conclusion, no response is required, and are therefore, deemed denied.

Mr. Fleckinger denies each and every allegation of the Complaint not specifically admitted herein.  Moreover, Mr. Fleckinger denies any remaining allegations contained in unnamed Paragraphs that replead, re-allege, or incorporate each and every allegation of the Complaint and any un-numbered "WHEREFORE" Paragraphs.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Plaintiff has failed to state a claim for which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

The Plaintiff was contributorily negligent in that said negligence bars any recovery in this action.

### THIRD AFFIRMATIVE DEFENSE

The Plaintiff assumed the risk of her actions, and therefore, her claims are barred.

### FOURTH AFFIRMATIVE DEFENSE

The Plaintiff suffered no damages as a result of Mr. Fleckinger's actions or, alternatively, the Plaintiff failed to mitigate her damages, if any.

### FIFTH AFFIRMATIVE DEFENSE

Mr. Fleckinger requires strict proof of Plaintiff's alleged injuries and/or damages.

### SIXTH AFFIRMATIVE DEFENSE

The claims herein are barred by legal and/or equitable estoppel.

### SEVENTH AFFIRMATIVE DEFENSE

The claims are barred by the applicable statute of limitations.

### EIGHTH AFFIRMATIVE DEFENSE

The claims herein are barred by the doctrine of unclean hands.

### NINTH AFFIRMATIVE DEFENSE

The claims herein are barred by failure of consideration.

## TENTH AFFIRMATIVE DEFENSE

This Court lacks subject matter jurisdiction over this action since the Plaintiff has no standing to sue Mr. Fleckinger.

## ELEVEENTH AFFIRMATIVE DEFENSE

The claims are barred under the doctrines of waiver and/or release.

## TWELFTH AFFIRMATIVE DEFENSE

The Plaintiff's claims are barred under the doctrine of *res judicata* and/or collateral estoppel.

## THIRTEENTH AFFIRMATIVE DEFENSE

The Plaintiff's claims are barred under the doctrine of laches.

## FOURTEENTH AFFIRMATIVE DEFENSE

Mr. Fleckinger did not breach a civil duty to the Plaintiff.

## FIFTEENTH AFFIRMATIVE DEFENSE

Mr. Fleckinger cannot be held liable in connection with exercising his professional judgment.

## SIXTEENTH AFFIRMATIVE DEFENSE

The Plaintiff has failed to plead facts sufficient for a claim of attorney's fees.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Mr. Fleckinger reserves the right to raise any and all additional defenses available in law, equity and/or fact that may come to light as this litigation develops.

WHEREFORE, Defendant, Clark Fleckinger, II, Esquire, respectfully requests that judgment be entered in his favor along with other relief, as this Court deems proper.

Respectfully submitted,

ECCLESTON & WOLF, P.C.

**/s/ Justin M. Flint**
_____
Aaron L. Handleman (#48728)
Justin M. Flint (#491782)
2001 S Street, N.W., Suite 310
Washington, DC  20009
(202) 857-1696 (Tel)
(202) 957-0762 (Fax)
handleman@ewdc.com
flint@ewdc.com
*Counsel for Defendant*
*Clark Fleckinger, II*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 8th day of August 2008, I served a true copy of the foregoing Defendant's Answer by electronic filing to:

>Craig D. Miller, Esquire
>SIMEONE & MILLER, LLP
>1130 Connecticut Ave., NW
>Ste. 350
>Washington, DC 20036

And that a courtesy copy was delivered to:

>Honorable Paul L. Friedman
>United States District Court for the District of Columbia
>333 Constitution Avenue, Northwest,
>Washington, DC  20001

>/s/ **Justin M. Flint**
>_____
>Justin M. Flint